*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson*                                                              *(609) 858-9351*
*Chief Bankruptcy Judge*

## LETTER DECISION

April 15, 2019

Thomas P. Donnelly
Antheil Maslow & MacMinn, LLP
131 W. State Street
Doylestown, Pennsylvania 18901

Brian W. Hofmeister, Esquire
Law Firm of Brian W. Hofmeister, LLC
3131 Princeton Pike, Building 5, Suite 110
Lawrenceville, New Jersey 08648

      Re:    Todd R. Leatherman - Case No. 18-24818

           Motion for Relief from Stay (Document #19)
           Hearing Date: February 26, 2019

Dear Counsel:

    After oral argument on February 26, 2019, the court reserved decision on Hamilton Building Supply Company and Keith Coleman's stay relief motion. After further consideration, the court will grant the motion.

    The movants seek stay relief to allow Judge Marbrey in the state court to enter a judgment. Although the parties disagree about the nature of the state court proceeding, the parties agree that no further involvement by the Debtor is necessary for the judgment to be entered.

Section 362(d)(1) permits the court to grant stay relief for cause. It is well established that the moving party has the initial burden of establishing "cause" for stay relief.[1] "Cause" is not defined in the Bankruptcy Code; nonetheless, the cases have almost universally held that cause may exist whenever the stay harms the creditor, and lifting the stay will not unjustly harm the debtor or other creditors.[2]

Frequently, courts find 'cause' for relief from stay where a movant seeks permission to litigate in another forum.[3] A common test to determine whether cause exists to lift the automatic stay to permit the continuation of pending litigation considers the following factors: (1) [whether] [a]ny "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit; (2) [whether] the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor; and (3) [whether] the creditor has a probability of prevailing on the merits of his case.[4]

On the first factor, the Debtor has not identified any harm he would suffer if Judge Marbrey is permitted to enter her judgment based on evidence that has already been adduced. The Debtor's primary objection to granting stay relief is futility. The Debtor argues that because default judgments do not have preclusive effect the state court judgment will be of no use in the adversary proceeding. Futility is not the same as prejudice. Because no action is needed on the part of the Debtor, there is no prejudice in terms of time or money.  Because there is no demonstrated prejudice to the Debtor, almost by necessity that means that the balance of

---

[1] *In re Peregrine Systems, Inc.*, 314 B.R. 31 (Bankr. D. Del. 2004)
[2] *In re Rupari Holding Corp.*, 573 B.R. 111 (Bankr. D. Del. 2017)
[3] *See, e.g., In re Gindi*, 642 F.3d 865 (10th Cir. 2011); *In re Boston Language Inst., Inc.*, 593 B.R. 381 (Bankr. D. Mass. 2018); *see also*, *In re Wilson*, 116 F.3d 87 (3d Cir. 1997) (allowing an appeal to continue is cause for stay relief)
[4] *In re Hurvitz*, 554 B.R. 35, 40 (Bankr. D. Mass. 2016) (citing *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1991))

hardships favors the movant. Finally, the court must consider whether the movant has a probability of prevailing on the merits of the case. This third factor does not directly pertain here because a judgment has already been entered, the stay relief is just to permit a ruling regarding damages. It is important to note that the court is not deciding whether any damages determination that is entered in the state court would be entitled to preclusive effect in this court. Rather, this court is tasked with deciding if sufficient cause has been shown to allow relief from the automatic stay. As the First Circuit noted in *Grella*, "a hearing on a motion for relief from stay is merely a summary proceeding of limited effect."[5] When a court finds cause for stay relief to allow litigation to continue in another court it "is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay." [6]

As for the preclusive effect of a default judgment, it is not as clear cut as Debtor's counsel suggests. It is well established that collateral estoppel applies in discharge proceedings, but to determine the preclusive effect the bankruptcy court should look to the law of the state in which the judgment was entered.[7] In New Jersey, the party asserting the bar of collateral estoppel must show that five elements exist: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.[8]  The gray area for these purposes is

---

[5] *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 33 (1st Cir. 1994)
[6] *Id.* at 33–34
[7] *In re Docteroff*, 133 F.3d 210 (3d Cir. 1997)
[8] *State v. Kelly*, 406 N.J. Super. 332 (App. Div. 2009)

what it means for something to have been "actually litigated in the prior proceeding." New Jersey courts do not treat all default judgments the same for estoppel purposes. Understandably, New Jersey courts are loath to allow default judgments to be used strategically.[9] The cases tend to focus on the opportunity to defend and the motivation behind not defending. In *Woodrick*, the Appellate Division was asked to reduce a treble damages award to actual damages because it was the result of default judgment. The court refused to reduce the damages award on the grounds that it would be contrary to the purpose of the Consumer Fraud Act. The *Woodrick* court also noted that the "actually litigated" prong of collateral estoppel had been satisfied because the defendant in that action "had a full and fair opportunity to defend itself…." In another case, the New Jersey Supreme Court applied collateral estoppel noting that "[a]lthough judgment was entered by default in the first action, defendants had ample opportunity to contest the complaint."[10] Consistent with New Jersey law, this court will consider whether to give preclusive effect to the state court judgment based on the particular facts of the case and focusing on whether the Debtor had a full and fair opportunity to defend the state court action.

Stay relief is granted. The court will enter the order that was submitted with the motion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

---

[9] *See, e.g., Woodrick v. Jack J. Burke Real Estate, Inc.*, 306 N.J. Super. 61 (App Div. 1997)
[10] *First Union Nat. Bank v. Penn Salem Marina, Inc.*, 190 N.J. 342, 354 (2007)